————o————

C. E. RICE, Respondent, *vs.* PACIFIC RAILROAD, Appellant.

1. *Mandamus—Certificate of stock—Statute of limitations—Begins to run, when.*—
A subscriber of stock in the Pacific Railroad Company in the year 1859 had paid up all calls including $70, which had been paid to an agent of the company who died without transmitting the sum. In 1870 the company declared the stock forfeited by reason of the non-payment of the $70.

In mandamus to compel the issue of certificate of stock, the company set up the statute of limitations. *Held,* that the statute did not run in favor of defendant till the stock was declared forfeited.

*Appeal from Cole Circuit Court.*

*J. N. Litton and J. L. Smith,* for Appellant.

I. The right to maintain an action for a stock certificate is perfect the moment the payment is completed, as it is the duty of the company to issue the certificate without demand, and plaintiff's right to it was complete without demand. The case is analogous to a note payable at sight or on demand, on which it is universally held, that the statute of limitations runs from the date of the note, and not from demand. (Easton vs. McAllister, 1 Mo., 662; Ang. Lim., 89, § 95; Taylor vs. Whitman, 3 Grant, [Penn.] 138; Howland vs. Edwards, 24 N. Y., 308; see also Johnson vs. Smith's Adm'r, 27 Mo., 593; Stafford vs. Richardson, 15 Wend., 302.)

It is held that the right of a R. R. Company to maintain an action on a subscription to its stock is barred by a failure to make calls within six years. (Pitts. & C. R. R. vs. Graham, 36 Penn., 77; *Ib.* vs. Byers, 32 Penn., 22; McCully vs. Pitts. & C. R R., 32 Penn., 25.)

Also, when a man deposited money in a bank to be drawn on demand, it was held, that the statute ran from the time of deposit. (Pott vs. Clegg, 16 Mees & W., 321.)

II. The plaintiff's remedy was not the writ of mandamus, but an action for damages. A writ of mandamus will not lie in such a case. There is no claim that there was any, but a pecuniary value attached to the certificate by the plaintiff. All he claims is the loss of the benefits of the business of the company. · (State vs. Rombauer, 46 Mo., 155.)

*Miller & Hamilton,* for Respondent.

I. Up to September, 1870, appellant acted upon and admitted the right of the relator, for it was not until then that it attempted to forfeit the stock of the respondent; nor until then, did appellant assume to hold in its own right. It will be seen that on the 14th December, 1871, the petition was filed in open court, about fifteen months after adverse claim set up; and writ issued 14th May, 1872, less than two years after adverse claim was set up. (Keeton vs. Keeton, 20 Mo., 530; 3 Johns. Ch., 190, 384; 5 Johns. Ch., 522; 7 Johns. Ch., 90.)

NAPTON, Judge, delivered the opinion of the court.

This was an application for a mandamus to compel the Pacific R. R. Co. to issue certificates of stock to plaintiff for seven shares of the capital stock of said company. The petition was filed in December, 1871. There is no dispute that this subscription was fully paid up in 1859, either to the company or its authorized agents.

The defendant pleaded the statute of limitations. On the trial it appeared, and was so found by the court, that plaintiff had fully paid up on all calls for his seven shares of stock;

and the records of the defendant, which were offered in evidence, clearly showed that he was admitted to have paid all but about 70 dollars. The evidence established clearly, that this 70 dollars was paid to Col. Grover, an agent of the company, who died shortly after the payment. Then on Sept. 28, 1870, the Board of Directors of said company passed a resolution, declaring the plaintiff's stock to be forfeited for the reason that this last call for $70 had not been paid. Various instructions were asked concerning the statute of limitations, which the court refused to give. It is useless to copy these instructions.

We are of the opinion, that the statute did not run in favor of defendant until 1870, when the trust was repudiated, and the defendant's stock declared forfeited. This suit was commenced in 1871. The plaintiff was in fact, assuming the court to have correctly found a full payment of the stock in 1859, a member of the company and a stockholder. No attempt was made until 1870 to debar him of this position. Then a resolution was passed, declaring his stock forfeited by reason of a failure to pay a small sum charged against him in the books of the company. Up to this date the plaintiff had no right to assume, that his position as a stockholder would be disputed, and he had no right of action. The defense of the statute of limitations is of no avail, since previous to 1870 the plaintiff's position as stockholder was never denied, and the court properly refused all instructions or declarations of law on that point.

The judgment of the Circuit Court is affirmed, the other judges concurring. Judges Wagner and Sherwood absent.